JOHN D. GIERHON, Appellant, v. THOMAS W. LUDLOW, Respondent.

*Supreme Court, Second Department, General Term, June* 28, 1889.

*Appeal. Dismissal of complaint.*—In an action for malicious prosecution, the credibility of the testimony of defendant and his agent is a question for the jury, and it is error to dismiss the complaint, as matter of law, on their testimony; especially, where there is a denial by plaintiff of the offense with which he was charged, and also the undisputed fact that he was tried and acquitted on that charge.

Action was brought for malicious prosecution. The charge was made by an agent of defendant acting under his directions.

Appeal from a judgment dismissing the complaint.

*Joseph F. Daly*, for appellant.

*Lewis L. Delafield*, for respondent.

PRATT, J.—I think this case ought to have been submitted to the jury. The question whether or not there was probable cause for the complaint to the magistrate, did not rest upon that which the law views as undisputed testimony. The credibility of the personal testimony of the defendant was for the jury within well-established rules. The other testimony of defendant's witnesses came from persons who stood in such relations to him that their testimony was within the same rule. Besides that, there was a denial by the plaintiff that he had done the wrong alleged against him before the magistrate, and the undisputed fact that the plaintiff was tried on that charge and acquitted by the verdict of a jury. The testimony clearly shows that defendant was the real mover in this unfounded criminal prosecution. He retained the counsel who appeared against plaintiff before the magistrate, and instructed him to procure the war-

rant. He attended at the trial, and seems to have been the person who was actually responsible for it. The complaint was not made by defendant personally, but by his agent, who acted under his direction, and on the advice of his counsel. He was clearly the real prosecutor.

The case is very close to the border line, but, on the whole, I think was within the rule which required its submission to the jury.

The plaintiff's exception to the learned trial judge's ruling dismissing the complaint should, therefore, be sustained, and a new trial should be ordered. It seems that, although the exceptions were regularly ordered to be heard in the first instance at the general term, another order absolute was also entered, dismissing the complaint on the merits. I do not understand that these orders were intended to be, or were, in fact, in conflict; or that the latter was intended to supersede the former. It will be safer, however, to reverse the latter order, to the end that full force and effect may be given to the former, and that should be accordingly done.

BARNARD, P. J., concurs; DYKMAN, J., not sitting.